**Aaron M. Rubin, Esq.**
99 Wall Street Suite 1130
New York, New York
212-725-4600
arubin@amresquire.com

May 20, 2024

*By ECF*
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    <u>United States</u> v. <u>Douglas Raymond Arntsen</u>, 23 Cr. 568 (PKC)

Dear Judge Castel,

     I am counsel for Defendant Mr. Arntsen and write to address the issues raised by the Court at the previous sentencing hearing on May 1 when this matter was continued for a second appearance for May 21.

     During the May 1 appearance, the Court had several inquiries concerning the nature of Mr. Arntsen's prior conviction and the extent of restitution from that case, in addition to seeking clarification about certain information contained in Dr. Bardey's report.  At the request of the defense, the sentencing hearing was adjourned to permit the parties an opportunity to obtain clarification as to these issues.

     In summary, Mr. Arntsen's omission of the restitution from his prior case from the PSR section of liabilities was a mistake, but we submit, an inadvertent and unintentional one, and a mistake in not providing an explanation as to the details of what transpired with respect to the history of loss and asset recovery in his prior case, as is now discussed herein.

     Following his prior conviction, Mr. Arntsen forfeited a total of $222,048.73 towards restitution, and also substantially assisted in efforts to recover losses and assets associated with his prior conviction,  (and victim Doina Capital LLC actually wrote to the NYS parole board to ask for Mr. Arntsen's early release for this purpose).  The New York County District Attorney was aware of at least some of Mr. Arntsen's efforts, and ultimately did not take steps to pursue restitution after such losses were recovered.

     Since the Court's adjournment from May 1, we have made various efforts to obtain sufficient information to address the Court's inquiries.  Our representations herein are based on (1) our review of the court file from Mr. Arntsen's prior conviction, which was a case prosecuted by the New York County District Attorney's Office under *People v. Arntsen*, SCI # 01399/2012, (2) conversations with Ellis Mirsky, Esq., who was counsel for one of the two victims, Doina Capital LLC, (3) contact with Alan Lewis, who was Mr. Arntsen's counsel in that case, (4) contact with Safe Horizon, the agency assigned to oversee restitution, (5) documents and letters obtained in connection with the restitution efforts following the prosecution, and (6) conversations with my client.

Honorable P. Kevin Castel, U.S.D.J.
May 20, 2024
Page 2 of 4

Mr. Arntsen's prior conviction concerned allegations that he misappropriated money from the escrow accounts of two real estate clients, Doina Capital LLC, and Regal Real Estate LLC, when he was an attorney employed at the law firm of Crowell & Moring, LLP. He further used the misappropriated funds to make unauthorized collateralized loans to third party borrowers, in which additional profits were sought from collecting interest and fees on these loans. (At the hearing on May 1, we made reference to "artwork" that was associated with one of these unauthorized loans – this was referring to a loan that was collateralized by twenty paintings made by an artist named Alexander Presniakov. We mention this because, as discussed further below, it was part of the assets that were ultimately released to victim Doina Capital with Mr. Arntsen's assistance, as part of his efforts to recover its losses.)

Mr. Arntsen was initially charged by a criminal court complaint containing one count of Grand Larceny in the First Degree, in violation of Penal Law § 155.42. The case was never indicted. Rather, Mr. Arntsen ultimately pled guilty under a Superior Court Information ("SCI") to three counts of Grand Larceny in the First Degree, (Counts 1, 2 & 3), and one count of a Scheme to Defraud in the First Degree, in violation of Penal Law § 190.65(1)(b), (Count 5). The SCI is attached as **Exhibit R**.[1] He received a sentence of 4 – 12 years imprisonment to run concurrently on each count of Grand Larceny, and also concurrent to a sentence of 1 – 3 years on the Scheme to Defraud.

As part of his guilty plea, Mr. Arntsen executed a restitution order, entered October 2, 2012, which is attached as **Exhibit S** with a corresponding judgment, which we obtained from the court file in that case. (Also attached under **Exhibit S** is an order of attachment that was obtained by the District Attorney in a separate civil forfeiture action, *Vance v. Arntsen*, Index No. 400654/12, which we were able to download from the online docket and which action is incorporated by reference in paragraph 8 of the restitution order.) The restitution order required Mr. Arntsen to pay $9,813,684 to Crowell & Moring, and $967,501 to Doina Capital (care of Ellis Mirsky, the attorney for Doina Capital). It was initially unclear why the restitution order named Crowell & Moring as a recipient of restitution instead of the other victim, Regal Real Estate. Based on my recent conversations with Mr. Mirsky (counsel for Doina Capital), his client had losses of approximately $5.7 million, and his understanding was that Regal Real Estate's losses may have been of a similar amount. My efforts to contact the assigned Assistant District Attorney Ms. Jacobs were not successful, as she is no longer employed at the office. However, Mr. Mirsky stated that the general mechanism of recovery was that Crowell & Moring ultimately caused the victims to be paid via its malpractice insurance.

Mr. Mirsky further informed me that Mr. Arntsen was credited for restitution to his client in the amount of $222,048.73, and Mirsky was able to provide a letter he received in 2014 from the New York County District Attorney's Office sending him these funds. (See letter from District Attorney's Office to Ellis Mirsky, attached hereto as **Exhibit T,** which references recovery of forfeited funds, which were to be credited towards restitution.) He also confirmed that Mr. Arntsen after his release to parole came to his office to provide assistance in making efforts to recover his client's losses, including obtaining Mr. Arntsen's assistance in obtaining

---

[1] The annexed exhibits continue sequentially from the exhibits that were attached to our previously filed sentencing memorandum at *ECF* 20.

Honorable P. Kevin Castel, U.S.D.J.
May 20, 2024
Page 3 of 4

the release of the 20 paintings that were held in a warehouse as collateral from one of the prior unauthorized loans. We attach hereto the receipt for the release of the paintings, which notes that it was authorized by Mr. Mirsky and the New York County District Attorney's Office, attached hereto as **Exhibit U**, and an appraisal for such artwork, attached as **Exhibit V**, that corresponded to the paintings. Further, attached as **Exhibit W**, is a letter to the NYS parole board by the principle of Doina Capital, that references assistance already then made by Mr. Arntsen to recover some of the losses.

Mr. Mirsky further confirmed that his client was subsequently "made whole" from a confidential settlement he obtained with Crowell & Moring, in addition to Mr. Arntsen's efforts.

Although we were unable to reach a representative of Regal Real Estate, Mr. Mirsky informed us that it was his understanding that Regal had also reached a settlement with Crowell & Moring to recover its losses, the terms of which were similarly confidential.

While the restitution order (**Exhibit S**) names the agency Safe Horizon as the intended administrator of any payments, the District Attorney's Office never actually involved Safe Horizon, according to my recent conversation with the coordinator of restitution at Safe Horizon, who informed me that the District Attorney never ultimately sent them the order, nor was any active account ever opened in Mr. Arntsen's name.

At the May 1 hearing, the Court also inquired about the origin of the IRS and New York State tax liens that Mr. Artnsen disclosed on the liability section (¶ 89) of the PSR. It is my understanding that prior to his release on parole in 2015, he entered into a stipulation with the IRS and New York State tax authorities in which he agreed to owe assessments based upon the initial amount of the restitution order in exchange for their agreement not to prosecute income tax charges that they alleged would be owed because of the misappropriation of funds from his prior case.

Additionally, at the May 1 hearing, the Court sought clarification about a section of Dr. Bardey's report, in particular page 11, in which Dr. Bardey noted that Mr. Arntsen had "five months in a jail in Hong Kong and then four years at the Bare Hill Correctional Facility." These time frames, which totaled 53 months, were an error. The correct amount of time was instead 40 months, including 4 months in Hong Kong, one year at Rikers Island and Downstate Correctional Facility and another two years at Bare Hill, before Mr. Arntsen was released on parole in 2015. (It should be noted that these calculations in the New York facilities correctly appeared in the PSR at paragraph 48.)

In my recent discussion with Dr. Bardey, he informed me that this error of an extra 13 months did not alter the assessment or conclusions in his report, and he provided a replacement page 11 with the corrected period of incarceration, which is attached hereto as **Exhibit X**. Additionally, Dr. Bardey informed me that he understood his references on page 11 regarding "illegal investments" to indeed be in connection to the money that was misappropriated and the subject of the conviction from Mr. Arntsen's prior case.

Honorable P. Kevin Castel, U.S.D.J.
May 20, 2024
Page 4 of 4

      We look forward to continuing our sentencing advocacy on behalf of Mr. Arntsen on May 21 and hope to answer any additional questions or concerns the Court may have at that time.

      Respectfully submitted,

      s/

      Aaron M. Rubin

cc:

AUSA Adam Sowlati

PO Marlon Ovalles